IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL MACIAS,

                         Petitioner,

          v.                              CASE NO.  06-3275-SAC

RAY ROBERTS,
WARDEN, et al.,

                         Respondents.

O R D E R

     This is a petition for writ of habeas corpus, 28 U.S.C. 2254, filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas.  Petitioner has also filed a motion for leave to proceed without prepayment of fees (Doc. 2).  The documentation filed in support of this motion indicates it should be granted.

**FACTS AND PROCEDURAL HISTORY**

     Petitioner was convicted upon his plea of guilty of aggravated robbery in the District Court of Finney County, Kansas, in Garden City, Kansas, on May 19, 2000, and was sentenced to 221 months imprisonment.  He appealed his conviction to the Kansas Court of Appeals (KCOA), which affirmed on January 18, 2002.  State v. Macias, 39 P.3d 85 (Kan.App. 2002), *rev. denied* 273 Kan. 1038 (2002).  His Petition for Review to the Kansas Supreme Court was denied on April 30, 2002.  He claimed on direct appeal that a Texas deferred adjudication was improperly used to enhance his criminal history score.  The time for filing a Petition for Certiorari to the

United States Supreme Court expired around July 29, 2002.  At this time the one-year statute of limitations for filing a federal habeas corpus petition began to run, and ran uninterrupted for approximately 9 1/2 months.

Petitioner then filed a state post-conviction motion pursuant K.S.A. 60-1507 in the Finney County District Court on May 13, 2003, seeking to withdraw his plea.  He claimed ineffective assistance of counsel and insufficient factual basis for the charge of aggravated robbery.  This action tolled the running of the federal statute of limitations.

Nine days later, on May 22, 2003, Macias filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254 in federal court, which was dismissed for failure to state a federal constitutional claim.  Macias v. McKune, Case No. 03-3232-SAC (Nov. 13, 2003). Petitioner presented his claims only by submitting briefs from his direct appeal proceedings.

The state district court conducted an evidentiary hearing on Macias' 1507 motion and granted it in part, concluding counsel was ineffective.  The judge ordered a new hearing for resentencing. Macias appealed the district court's adverse ruling that his plea could not be withdrawn to the KCOA, which affirmed on May 6, 2005. Macias v. State of Kansas, No. 91493, 110 P.3d 1053, 2005 WL 1089038 (KCOA May, 6, 2005).  A Petition for Review was denied by the Kansas Supreme Court on September 20, 2005.  Twenty days later on about October 11, 2005, the federal statute of limitations began to run

again.   Absent equitable tolling, it expired near the end of December, 2005.

Petitioner executed this, his second federal Petition on September 28, 2006.

**CLAIMS**

As the basis for his federal Petition, Mr. Macias claims ineffective assistance of counsel in his plea proceedings.   In support of this claim, he alleges his counsel advised him to plead guilty when the evidence did not support the charge.   Petitioner claims he was not allowed under Kansas law to raise this issue on direct appeal, but raised it in his 1507 motion.   He further alleges he raised this issue on direct appeal of the denial of his 1507 motion.   However, the KCOA opinion states Mr. Macias abandoned this issue on appeal.

As ground 2 in his Petition, petitioner claims there was insufficient basis for the court to accept his plea of guilty of aggravated robbery.   In support of this claim, he alleges the plea negotiations were for robbery, and that he pled guilty to robbery, but the judge sentenced him for the different offense of aggravated robbery.

As the third ground, petitioner claims he did not plead guilty to aggravated robbery, but only to robbery.   He alleges the record will show that he pled guilty to robbery but was sentenced for aggravated robbery.

**DISCUSSION**

Under 28 U.S.C. §2244(b)(3)(A), a second or successive petition for habeas corpus may be filed in the district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the federal district court to consider the petition. Id. Because this appears to be a successive application for habeas corpus relief, and because there is no indication in the materials filed that petitioner has obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit, the court concludes this matter must be transferred to the Court of Appeals for a determination whether this matter may proceed.

**IT IS THEREFORE ORDERED** this petitioner's motion for leave to proceed without prepayment of fees (Doc. 2) is provisionally granted; and this matter is transferred to the United States Court of Appeals for the Tenth Circuit.

Copies of this order shall be transmitted to the petitioner and to the Clerk of the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

Dated this 24th day of October, 2006, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge